IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PATRICK KELLY,     *

    Plaintiff,     *

v.     *     Civil Action No.: RDB-10-118

ONEWEST BANK, FSB, *et al.*,     *

    Defendants.     *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM ORDER

Substitute Trustees Jacob Geesing, Howard N. Bierman, and Carrie M. Ward (collectively, "Trustees")[1] move to dismiss the pending complaint filed by Plaintiff Patrick Kelly ("Kelly") alleging seven counts arising out of the 2007 refinancing of his home. Trustees contend that they have not received sufficient service of process[2] and that Kelly's complaint fails to state a claim. In his opposition brief, Kelly requests that this Court remand this case to the Circuit Court for Anne Arundel County. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2008). For the reasons that follow, Trustees' Motion to Dismiss (Paper No. 6) is GRANTED as to Count VII and DENIED as to Counts I through VI. Counts I through VI are REMANDED to the Circuit Court for Anne Arundel County.

## BACKGROUND

In ruling on a motion to dismiss, "[t]he factual allegations in the Plaintiff's complaint must be accepted as true and those facts must be construed in the light most favorable to the plaintiff." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

---

[1] Defendant OneWest Bank, FSB has not entered an appearance in this case.
[2] In light of this Court's ruling the sufficiency of the service of process need not be addressed.

1

On June 20, 2007, Kelly refinanced his home and obtained a loan in the amount of $1,066,500 from IndyMac Bank ("IndyMac"). On or about March 6, 2008, IndyMac notified Kelly via letter that his loan was in default because he had not made his required payments. On July 11, 2008, as a result of liquidity issues, IndyMac was placed into conservatorship by the Federal Deposit Insurance Corporation ("FDIC"). On March 19, 2009, the FDIC sold IndyMac to Defendant OneWest Bank, FSB ("OneWest"), a newly formed federal savings bank, and its affiliates. OneWest subsequently sought to foreclose on Kelly's property. By Deed of Appointment dated July 10, 2009, Geesing, Ward, and Bierman were appointed as Substitute Trustees and initiated a foreclosure action on Kelly's property in the Circuit Court for Anne Arundel County, Maryland. *See* Case No. 02-C-09-143110.

On September 14, 2009, Kelly filed a Motion to Stay Sale and Dismiss the Foreclosure Action in the Circuit Court. The Circuit Court granted Kelly's motion in part and stayed the foreclosure action. On December 17, 2009, Kelly filed the pending complaint in the Circuit Court against Trustees and Defendant OneWest, entitled "Patrick Kelly's Verified Third Party Complaint." In Counts I through VI, Kelly asserts six causes of action under Maryland law; in Count VII he asserts one cause of action under the federal Truth in Lending Act ("TILA"), 15 U.S.C. *et seq*. Kelly's complaint was not, however, filed within the foreclosure case but instead was separately docketed. On January 19, 2010, Defendants filed a Notice of Removal to this Court based upon federal question jurisdiction due to Kelly's TILA claim in Count VII. Trustees subsequently filed the pending Motion to Dismiss for insufficient service of process and failure to state a claim.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted, and a Rule 12(b)(6) motion therefore tests the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action" in order to survive a motion to dismiss. *Id.* at 555. Thus, a court considering a motion to dismiss "can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Well-pleaded factual allegations contained in the complaint are assumed to be true "even if [they are] doubtful in fact," but legal conclusions are not entitled to judicial deference. *See Twombly*, 550 U.S. at 570 (stating that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'" (citations omitted)). Thus, even though Rule 8(a)(2) "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft*, 129 S. Ct. at 1950.

## ANALYSIS

**I.      Truth in Lending Act Claim**

The Truth in Lending Act is a federal statute applicable only to creditors and governs the terms and conditions of consumer credit by requiring that lenders disclose certain details about loans, fees, and costs. *See* 15 U.S.C. § 1601, *et seq*. As a threshold matter, TILA only applies to creditors and the assignees of that creditor. A "creditor" is defined by TILA as someone who both: "(1) regularly extends . . . consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required;" and "(2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness." 15 U.S.C. § 1602(f). Trustees do not extend credit and were not involved in the origination of Kelly's loan. This Court has previously held that TILA does not apply to trustees because they are not "creditors" as defined in 15 U.S.C. § 1602(f). *See, e.g., Davis v. Wilmington Fin., Inc.*, 2010 U.S. Dist. LEXIS 29263, at *14 (D. Md. Mar. 26, 2010) (holding that the same set of trustees - Geesing, Bierman and Ward - cannot violate TILA by acting as substitute trustees because they are not creditors as defined by TILA); *Barbosa v. Aurora Loan Servs., LLC*, 2009 U.S. Dist. LEXIS 58772, at *10-11 (D. Md. July 9, 2009) ("TILA does not apply to [Substitute] Trustees because they are not 'creditors' as defined by 15 U.S.C. § 1602(f), nor were they involved in the origination of the loan."). Accordingly, Kelly cannot state a claim against Trustees under TILA and Count VII must be dismissed.

## II. Claims Under Maryland Law

Having disposed of Kelly's sole federal claim, this Court must address whether his remaining state law claims, Counts I through VI, should be remanded to state court. Remand is required in some instances and optional in others. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Additionally, even if the court has original jurisdiction over a civil action, the court

4

nevertheless has discretion to remand a case to state court if, among other things, "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Remand is favored in cases turning primarily on questions of state law, because "[n]eedless decisions of state law [by federal courts] should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 729 (1966). Thus, in a case where federal claims are eliminated before trial, "the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

This Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. 1367(c)(3). Kelly's remaining causes of actions are all brought under state law and involve Maryland law property issues. Thus, these claims are best adjudicated in Maryland state court. Furthermore, this Court finds that the interests of fairness and judicial economy are in no way compromised by a remand to the state court. Accordingly, Plaintiff's state law claims, Counts I through VI, are remanded to the Circuit Court for Anne Arundel County.

## CONCLUSION

For the reasons stated above, Trustees' Motion to Dismiss (Paper No. 6) is GRANTED as to Count VII and DENIED as to Counts I through VI. Counts I through VI are REMANDED to the Circuit Court for Anne Arundel County.

A separate Order follows.

Dated: June 30, 2010        /s/ _Richard D. Bennett_

Richard D. Bennett
United States District Judge